W. B. GREENLAW *v.* A. M. T. LOGAN.

REPLEVIN BOND. *Surety Bound by result of litigation.* A surety on a replevin bond can make no objection to the form of proceeding against his principal. The principal alone is responsible for the defense, and if he waive technical or substantial objection to the manner and form of proceeding against him, the surety on his bond is bound by the result of the litigation on its merits.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. C. W. HEISKELL, J.

W. MESSICK and G. B. PETERS, Jr., for Greenlaw.

HUMES & POSTON and W. M. RANDOLPH for Logan.

TURNEY, J., delivered the opinion of the court.

On the 4th of June, 1860, Mr. A. M. T. Logan, by original summons, commenced suit in the Circuit Court of Shelby county, against "The Hartford City and Syracuse Coal Company," for damages for the conversion of a slave, and on the same day an ancillary attachment was issued, which was then levied upon two barges loaded with stone coal, which was replevied by the defendant, W. B. Greenlaw & Co. becoming sureties on the replevin bond.

At the October term, 1874, judgment was rendered for the plaintiff for the sum of $2,615.41, and on the 11th of January and during the same term, that judgment was set aside, and re-entered with an addition, asking for judgment on the replevin bond, showing the death of J. O. Greenlaw, of the firm of W. B. Greenlaw & Co., and asking for *sci. fa.* against his representative and surviving partner, which was awarded. On its return W. B. Greenlaw, for himself and surviving partner and executor, pleaded that the bond is void for reasons set out in his several pleas affecting the validity of the affidavit upon which the writ of attachment is based, as well as of the writ itself.

To these pleas there was a demurrer. The court sustained the demurrer and gave judgment on the bond. The case is before us by appeal.

In support of the plea as grounds of reversal, the

cases of *Dickerson* v. *Redmond,* MS., by Nicholson,
C. J., at December term, 1872, and *Dillin* v. *O'Donnell,*
4 Baxter, 213, are relied on. The case at bar is
distinguished from *Dickerson* v. *Redmond,* in the fact
that in that case the defendant and not the security
on the replevin bond made the question; here the
defendant makes no question, but submits to the judg-
ment of the court.

Dickerson's case needs no criticism for the purposes
of this case, further than to say, it goes to the ex-
treme limit of interpretation, and we are not disposed
to extend its application, should we adhere to it in
the future.

*Dillin* v. *O'Donnell* is distinctly put upon the ground
that the process could only issue upon the fiat of a
Judge or order of a court. Judge Freeman, deliver-
ing the opinion of the court, says, after stating the
facts: "In this view of the case, the attachment was
extraordinary process, not such as is strictly under the
provision of our Code, but such as could only be
granted by the court or a judge. The attachment
was, therefore, void, as issued by the clerk, as on his
own fiat, and conferred no rights on the sheriff; the
replevin bond was not authorized by law, and no de-
cree could properly be entered on the same."

In this case no objection is taken to the jurisdic-
diction issuing the attachment,—the power is not ques-
tioned, nor can it be. The acts of the defendant
specified in the writ and affidavit are statutory causes
for attachment. The chief objections are, that the
character of the demand is not sufficiently described;

that the suit is not definitely set out, nor the court in which it is pending shown with proper certainty.

No question is made of its jurisdiction of persons and subject matter.

In *Barry* v. *Frayser*, 10 Heis., 211, after citing the facts, Judge Freeman says: "It is obvious from this statement of the case, that the sureties on the replevin bond are bound by the result of the litigation between Mrs. Barry and Gibson, the debtor. In this respect they were strangers to the suit and to the decree, so far as it settles the rights of those parties. This being so, Frayser, by his writ of error, can only occupy the position of one making a collateral attack upon a judgment or decree to which he was not a party, in so far as the decree settles the liability of Gibson or his estate to Mrs. Barry. In this view, the only question is, not whether the decree was regular or even clearly erroneous against Gibson or his representatives, but whether there was any decree at all; that is, whether it was or not absolutely void, and as such amounting to no decree. If the court then had jurisdiction of the subject matter and the parties, the judgment cannot be held void in this mode of attack, although the proceedings were irregular and erroneous, and reversible on appeal or writ of error."

It is proper to say of this case just cited, it was before the court by writ of error prosecuted by the surety. The rule quoted applies, we think, with full force to the case in hand. The sureties had no interest in the litigation, were in no sense parties to it until the execution of the bond, and then only for the

purposes of the bond, the undertaking of which was, that the principal, "if cast in said suit pay the debt, interest and costs that may be adjudged in the same, or pay the value of the property attached and interest, or have the property forthcoming to abide the event of the suit, and obey said order therein as may be made."

There is nothing in the undertaking enlarging or contracting their liability because of the skillful or unskillful management of the defense, by the terms of the bond—a failure to successfully defend on any account fixes their liability. If the defendant, upon whose bond they are, sees proper to let judgment go, the sureties are still bound by their obligation to the satisfaction or performance of the judgment. They are mere volunteers, without interest, undertaking to hold up the hands of him who is in court, without his consent, in obedience to compulsory process, and upon whom the entire conduct and control and management of the defense of his rights or property devolve.

To the conditions the security must submit and abide the fortune of his principal. If his principal relies upon the merits of the case, waiving technical or substantial objection to the manner of proceeding against him or its form, the surety cannot complain, but is bound by the decree or judgment settling the rights of the parties to the litigation.

Affirmed.